IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
July 7, 2015 Session

**ALEXA WILLIAMS EL v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Carroll County**
**No. 14CR77     Donald E. Parish, Judge**

_____

**No. W2015-00264-CCA-R3-HC  -  Filed September 21, 2015**

_____

Petitioner, Alexa Williams El, appeals from the trial court's summary dismissal of her three *pro se* petitions for writ of habeas corpus filed on January 20, 21, and 29, 2015, in which she alleged a number of statutory and procedural violations with regard to the requirements for notifying state officials of a driving infraction after the judgment had issued.  She also asserted that the arrest warrants were insufficient with respect to her convictions for driving a motor vehicle while the privilege to drive was suspended, driving an unregistered vehicle, and operating a motor vehicle without evidence of financial responsibility.  After a thorough review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right, Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ROGER A. PAGE, JJ., joined.

Alexa Williams El, Huntingdon, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Hansel J. McCadams, District Attorney General; and R. Adam Jowers, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Background**

Petitioner was convicted of driving a motor vehicle while the privilege to drive was suspended, driving an unregistered vehicle, and operating a motor vehicle without evidence of financial responsibility. *State v. Williams*, No. W2014-01457-CCA-R3-CD, 2015 WL 273372 (Tenn. Crim. App. Jan. 20, 2015).  This court affirmed the judgments

on appeal. *Id.* Petitioner then filed three petitions for writ of habeas corpus in which she alleged a number of statutory and procedural violations with regard to the requirements for notifying state officials of a driving infraction after the judgment had issued and that the arrest warrant was insufficient on its face. The trial court summarily dismissed the petitions. The order denying the habeas corpus petition filed on January 20, 2015, contains the following:

> Initially, the Court finds that the Petition fails to meet the requirement of T.C.A. § 29-21-107(a) in that it is not verified by an affidavit.
>
> Furthermore, the record reveals that the Petitioner is not currently suffering a restraint of her liberty which is reviewable by habeas corpus. The Petitioner was convicted of a Class B misdemeanor and a sentence of six (6) months was imposed on June 18, 2014. The *Judgment* was entered by this Court on July 5, 2014. The Petitioner perfected an appeal as of right to the Court of Criminal Appeals which affirmed the conviction and sentence in a Judgment filed with the Circuit Court Clerk on January 14, 2015. The Court of Criminal Judgment provided that the Petitioner could remain free if she posted an additional sum of $250.00 bail pending an application for permission to appeal to the Tennessee Supreme Court. She posted that bail on January 20, 2015, and is therefore not in custody at this time.

The trial court likewise denied Petitioner's second petition for writ of habeas corpus filed on January 21, 2015, for the same reasons.

The order denying the petition for writ of habeas corpus filed on January 29, 2015, contains the following findings:

> The Petitioner, pro se, has filed another Petition for Writ of Habeas Corpus. This most recent filing was made on January 29, 2015. The Court has examined the same and notes that the Petitioner attempts to fashion an argument that her "liberties are restrained":
>
> > (1) by the seizure of her property without due process;
> > (2) by being compelled to attend legal or court proceedings; and
> > (3) by being limited in her ability "to pass and repass in other countries such as a Tennesseans (sic), Mississippian, etc."
>
> None of those arguments state a cognizable claim for relief. T.C.A. § 29-21-101. Also, the Petition is not verified. T.C.A. § 29-21-107(a).

2

Furthermore, the Petitioner has brought multiple prior requests for habeas corpus relief on the same or similar grounds which have been adjudicated adverse to her in summary fashion. For the foregoing reasons the Petition is denied without further hearing.

**Analysis**

The right to habeas corpus relief is available "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007) (quoting *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993)). In contrast to a post-conviction petition, a habeas corpus petition is used to challenge void and not merely voidable judgments. *Summers,* 212 S.W.3d at 255-56. A voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity. *Id*. at 256; *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999); *Dykes,* 978 S.W.2d at 529.

A petitioner bears the burden of proving a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of counsel and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *See Summers*, 212 S.W.3d at 260; *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

The determination of whether habeas corpus relief should be granted is a question of law. *Summers*, 212 S.W.3d at 255; *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Therefore, our review is *de novo* with no presumption of correctness given to the findings and conclusions of the lower court. *Summers*, 212 S.W.3d at 255; *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers*, 212 S.W.3d at 260; *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. The formal requirements for an application or petition for writ of habeas corpus are found at T.C.A. § 29-21-107:

(a) Application for the writ shall be made by petition, signed by either the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.

3

(b) The petition shall state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings there shall be produced, or satisfactory reasons should be given for the failure to do so.

T.C.A. § 29-21-107.

Initially, we point out that the trial court improperly found that Petitioner was not restrained of her liberty because she had posted bail. The term "restrained of [his or her] liberty" has been extended to include constructive custody, in addition to physical custody. *State ex rel. Dilllehay v. White*, 217 Tenn. 524, 398 S.W.2d 737, 738 (Tenn. 1966). Constructive custody is applicable in those situations where a petitioner may later lose his or her liberty and eventually be incarcerated under the challenged conviction, which includes where a prisoner is on parole, probation, or other form of release. *See Hickman v. State*, 153 S.W.3d 16, 22-23 (Tenn. 2004). We also note, as argued by the State, that Petitioner in this case failed to comply with the mandatory requirements for habeas corpus relief. Petitioner failed to comply with T.C.A. § 29-21-107(a) by failing to verify her petition by affidavit. "A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements. . . ." *Summers*, 212 S.W.3d at 260; *Hickman*, 153 S.W.3d at 21.

Although Petitioner failed to follow the procedural requirements necessary for habeas review, we will briefly address her claims. As argued by the State, Petitioner

4

seeks review of her sentence in essentially two broad categories: (1) those matters involving statutory notification requirements occurring after the issuance of the judgment involving a motor vehicle violation; and (2) matters involving the sufficiency of the evidence and the initial arrest warrant. Petitioner's first group of claims arose after the judgment was issued and cannot affect the legality of the judgment. The second group of claims would at the most implicate violations which are not cognizable in a habeas petition. *See Fowler v. Carlton*, E2004-01346-CCA-R3-HC, 2005 WL 645206, at *5-6 (Tenn. Crim. App. Mar. 21, 2005). Alleged constitutional violations that render a conviction merely voidable are properly addressed in post-conviction proceedings rather than habeas corpus proceedings. *See Guy v. State*, No. M2013-01851-CCA-H3, 2014 WL 2462847, at *4 (Tenn. Crim. App. May 29, 2014).

It is obvious that nothing in the record indicates that Petitioner's convictions or sentence is void. The habeas corpus trial court may summarily dismiss a habeas corpus petition without an evidentiary hearing if there is nothing on the face of the record or judgment to indicate that the conviction or sentence are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994); *see also* Tenn. Code Ann. § 29-21-109 (2010 Repl.). Petitioner is not entitled to relief on appeal. The judgment of the habeas corpus trial court is affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE